UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WRIGHT,<br><br>       Petitioner,<br><br>   v.<br><br>J. TUGGLE,<br><br>       Respondent. | No. 2:24-cv-1953 DAD CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review.

Petitioner challenges the fact that he has been denied parole. The Supreme Court has found that California prisoners do have some Due Process Clause protection with respect to parole. Swarthout v. Cooke, 131 S. Ct. 859, 861–62, 178 L.Ed.2d 732 (2011). However, the procedural protections which must be afforded with respect the liberty interest implicated are minimal; the "Constitution does not require more" than "an opportunity to be heard" at a parole hearing and that the potential parolee be "provided a statement of the reasons why parole was denied." Id. at 862.

Petitioner does not allege that he was denied an opportunity to be heard at a parole proceeding, nor does he indicate that he was not informed as to why he was denied parole. This being the case, petitioner's parole-related claims do not state any claim upon which relief can be granted.

IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 5, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/wrig1953.sd