UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WRIGHT, | Case No. 2:24-cv-01953-DC-CKD (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION |
| J. TUGGLE, | |
| Respondent. | (Doc. No. 6) |

Petitioner Michael Wright is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 5, 2024, the assigned magistrate judge issued findings and recommendations recommending this action be summarily dismissed because Petitioner's parole-related claims do not state any claim upon which relief can be granted. (Doc. No. 6.) Specifically, although Petitioner challenges the fact that he was denied parole, the magistrate judge found Petitioner did not allege he was denied an opportunity to be heard at a parole proceeding, and he did not "indicate that he was not informed as to why he was denied parole," as is required for federal Due Process Clause protection. (*Id*. at 1–2) (citing *Swarthout v. Cooke*, 131 S. Ct. 859, 861–62 (2011). The findings and recommendations were served on Petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of

1   service. (*Id.*)

2   On September 16, 2024, Petitioner filed objections to the pending findings and
3   recommendations. (Doc. No. 7.) Therein, Petitioner contends the opportunity to be heard at a
4   parole proceeding and a statement of reasons for a denial creates only an "illusion of due
5   process." (*Id.* at 2–3.) In support of his contention, Petitioner proffers hypothetical examples of
6   these "illusions of due process," such as prisoners being provided "a venue for them to speak but
7   turning off the audio so they can not truly be heard." (*Id.* at 2.) Further, addressing the authority
8   cited in the findings and recommendations, Petitioner argues the Supreme Court never clarified
9   the position it took in *Swarthout*, and it is irrational to believe the Supreme Court meant to limit
10  petitions for writ of habeas corpus concerning parole hearings. (*Id.* at 3.)

11  The court finds Petitioner's objections unpersuasive. As the magistrate judge correctly
12  summarized in the findings and recommendations, in *Swarthout*, the Supreme Court explained
13  that in federal habeas petitions challenging state prisoners' parole denials, the federal Due Process
14  Clause requires only an opportunity to be heard and a statement of the reasons why parole was
15  denied. 131 S. Ct. at 862 (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*,
16  442 U.S. 1, 16 (1979)). As the Supreme Court explained, this is "the beginning and the end of the
17  federal habeas courts' inquiry into whether [an inmate] receive[s] due process." *Id.* Here, it is
18  undisputed Petitioner was allowed an opportunity to be heard and received a list of reasons why
19  parole was denied. Indeed, Petitioner attached to his complaint a transcript of his parole
20  suitability hearing that demonstrates he was afforded both procedural protections. (Doc. No. 1.)
21  Consequently, Petitioner's objections provide no basis upon which to reject the pending findings
22  and recommendations.

23  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
24  *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's
25  objections, the court concludes that the pending findings and recommendations are supported by
26  the record and proper analysis.

27  Having concluded that the pending petition must be dismissed, the court also declines to
28  issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute

right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on September 5, 2024 (Doc. No. 6) are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is summarily dismissed;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 16, 2025**

Dena Coggins
United States District Judge

3